Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503-789-7372
Fax: 503-345-6655

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRACIE ALLEN, | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT (Fair Housing Act, Oregon Unlawful Trade Practices Act, Fraud, Oregon Mortgage Broker and Banker Law, Equal Credit Opportunity Act) |
| LOANDEPOT.COM, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

INTRODUCTION:

1.

This is a consumer protection and lending discrimination case arising from the

defendant's mishandling of the plaintiff's application to finance the purchase of her first home.

Ms. Allen is single, African-American woman whose family has lived in Portland for three

generations. The defendant, LoanDepot.com, LLC, is a non-bank mortgage broker. Defendant's

Page 1 – COMPLAINT

agent's incompetent loan processing thwarted Ms. Allen's pending home purchase, causing her more than $20,000.00 in damages. Less than six months later, a different company succeeded in arranging a mortgage that allowed Ms. Allen to buy the same property she had tried to buy using LoanDepot's services. Plaintiff asserts claims under Oregon and federal anti-discrimination and consumer protection laws.

JURISDICTION

2.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the federal Fair Housing Act is authorized and instituted under 42 U.S.C. § 3613(a). Jurisdiction over claims brought under the Equal Credit Opportunity Act is authorized and instituted under 15 U.S.C. § 1691e(f). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

3.

The plaintiff, Tracie Allen ("Ms. Allen" and "plaintiff") is a natural person, an unmarried African-American woman, and a resident of Multnomah County, Oregon.

4.

The defendant, LoanDepot.com, LLC, ("LoanDepot") is a Delaware corporation authorized to do business in Oregon.

FACTUAL ALLEGATIONS

Page 2 – COMPLAINT

5.

In 2015, plaintiff was accepted by North/Northeast Initiative DPAL, a City of Portland program that is intended to reverse the effects of eminent domain and other gentrifying forces by providing up to $100,000.00 in down payment assistance to people whose families were formerly established there. Because of her family's long history in North and Northeast Portland neighborhoods, Ms. Allen qualified for the Preference Policy. Between 2015 and late 2018, plaintiff was attending college, working, and improving her credit, with the goal of buying her first home.

6.

In addition to the N/NE Initiative, plaintiff applied and was qualified for $20,000.00 in forgivable down-payment assistance through the NeighborhoodLIFT program. She attended an event at the Oregon Expo Center to become qualified for NeighborhoodLIFT, and ultimately chose the defendant, LoanDepot, to be her mortgage lender, as it was on a list of lenders approved for the NeighborhoodLIFT program. Plaintiff was referred to defendant by a local housing non-profit. Around 2018, she started working with defendant's loan officer and applied for home financing.

7.

In conjunction with her application to defendant for a mortgage, plaintiff turned over accurate and complete information about her income, debts, and credit history. She received a pre-approval letter from defendant in approximately February of 2020. She had already selected a property, a newly-constructed home built by Portland Community Reinvestment Initiatives, Inc. ("PCRI"), a local housing development nonprofit. She entered into

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

an earnest money agreement with PCRI on March 1, 2020, which a scheduled closing date of May 18, 2020, which was within the deadline for the NeighborhoodLIFT program.

8.

A condition of buying the home from PCRI was that plaintiff had to obtain conventional (rather than FHA) financing, which plaintiff communicated to LoanDepot's loan officer. He told her that she was pre-approved for both conventional and FHA financing and assured her that he would be able to line up her loan by her deadline.

9.

In late April 2020, LoanDepot's agent told plaintiff that she was actually only qualified for FHA financing, which made it impossible for her to qualify to buy the PCRI house she wanted and had already contracted to purchase. By this point, plaintiff had already paid $575.00 in inspection fees.

10.

On or about May 4, 2020, LoanDepot sent plaintiff a denial letter for both conventional and FHA financing. Plaintiff continued trying to work with LoanDepot for a few weeks but was eventually told later in May by her realtor that LoanDepot would not approve her for any loan.

11.

Plaintiff was able to obtain an extension of the NeighborhoodLIFT closing deadline to June 2020, however, because of LoanDepot's incompetent handling of her loan application,there was no way for plaintiff to work out alternative financing quickly enough to access the $20,000.00 in NeighborhoodLIFT funds for which she had been approved. This loss, along with the inspection she paid for, totals $20,575.00 in damages.

///

Page 4 – COMPLAINT

12.

The home purchase was negotiated based on LoanDepot's early preapproval of Ms. Allen's financing, but it fell through due to defendant's failure to actually obtain financing for her. Plaintiff experienced severe emotional distress as a result of the failed transaction, entitling her to an award of non-economic damages of at least $50,000.00.

13.

Approximately four months after LoanDepot failed to approve and fund Ms. Allen's purchase of a home, she qualified to buy the same home with a conventional loan through a different mortgage lender.

14.

LoanDepot mishandled plaintiff's loan application by promising her financing that it could not timely provide, causing her to incur losses when her home purchase fell through. Further, LoanDepot has engaged in a pattern of providing misleading and incompetent loan origination services to other single African American women. As a result, Plaintiff alleges that LoanDepot discriminated against her in the provision of services connected to the sale of housing, based on her race, marital status, and sex.


FIRST CLAIM FOR RELIEF--Fair Housing Act (FHA)

15.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 14 above.

16.

The mortgage loan application plaintiff submitted to defendant was a residential real estate-related transaction within the meaning of 42 U.S.C. § 3605(b).

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

17.

Defendant is a person or entity whose business includes engaging in residential real estate-related transactions, within the meaning of 42 U.S.C. §§ 3602 and 3605.

18.

On information and belief, the defendant unlawfully discriminated against plaintiff on the basis of race and sex in violation of 42 U.S.C. §§ 3604 and 3605, and engaged in discriminatory housing practices as defined by 42 U.S.C. § 3602(f), as described in paragraphs 12 through 14, above.

19.

Because of defendant's discriminatory housing practices, plaintiff incurred economic and non-economic damages, as described more fully in paragraphs 11 and 12, above. Plaintiff is entitled to an award of reasonable attorney fees and costs under the FHA.

20.

Defendant was aware of plaintiff's federally protected rights under the FHA, was aware or should have been aware of her race and sex, and acted with malice or, alternatively, with callous or reckless indifference that its actions might violate her federally-protected rights, warranting an award of punitive damages to be proven at trial.


SECOND CLAIM FOR RELIEF--OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.605, *et seq.*

21.

Plaintiff realleges paragraphs 1 through 20, above.

///

Page 6 – COMPLAINT

22.

The loan application at issue in this case was made for personal, family, or household purposes.

23.

LoanDepot's loan originator misrepresented to plaintiff that it could timely approve her for financing to purchase the home she had made an agreement to buy, and that it would enable the transaction to close in time to qualify her to receive NeighborhoodLIFT funds. LoanDepot's inability to close a loan by the date promised caused the pending home purchase to fail, and caused plaintiff to incur economic loss. These statements constituted actionable misrepresentations or omissions about the nature and qualities of the loan transaction, in violation of ORS 646.608(e) and (k).

24.

Plaintiff has suffered ascertainable loss in the form of expenses she incurred due to the thwarted home purchase and loss of the NeighborhoodLIFT funds, in an approximate amount of $20,575.00, the exact amount of which will be proven at trial.

25.

LoanDepot acted with reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages to be proven at trial.

THIRD CLAIM FOR RELIEF--Fraud

26.

Plaintiff realleges and incorporates by reference paragraphs 1 through 25.

///

Page 7 – COMPLAINT

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

27.

Defendant defrauded plaintiff in the following respects, each of which were material to her losses connected with the home loan application she submitted to defendant:

A.      Defendant's loan originator's instruction to plaintiff that it was safe to incur inspection costs because she would be approved for a conventional loan.

B.      Defendant's loan originator's statement that defendant could provide her with financing in time to qualify her to obtain NeighborhoodLIFT funds was untrue and caused her economic loss and non-economic damages in connection with the ruined purchase transaction, as described in paragraphs 11 and 12, above.

28.

Defendant, in handling the mortgage application for plaintiff, knowingly made the representations and omissions described in paragraph 27 (or, alternatively, knew that they were ignorant of the truth) with the intent to induce Ms. Allen to rely on those representations.

29.

Plaintiff relied on LoanDepot to arrange a loan for her home purchase and provide related expertise as a professional mortgage originator. Ms. Allen was unaware of defendant's misrepresentations and omissions when she incurred expenses and waited on LoanDepot to provide her financing in time for her to receive NeighborhoodLIFT funds. As a consequence, Ms. Allen suffered economic damages and non-economic damages to be proven at trial, as described in paragraph 11 and 12, above.

///

///

///

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

30.

Defendant's misrepresentations and omissions were made with malice or, alternatively, with callous or reckless indifference to the plaintiff's health and welfare, warranting an award of punitive damages to be proven at trial.

FOURTH CLAIM FOR RELIEF--Oregon Mortgage Lender Law, ORS 86A.095-.198, *et seq.*

31.

Plaintiff realleges and incorporates by reference paragraphs 1 through 30.

32.

Defendant LoanDepot is a mortgage broker or banker, as defined by ORS 86A.100.

33.

The mortgage loan transaction which is the subject of this action constitutes a "residential mortgage transaction" as defined by ORS 86A.100(8), and LoanDepot was required to be licensed under ORS 86A.103 to engage in this transaction.

34.

As described particularly above, defendant transacted business as a mortgage banker or mortgage broker by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, in violation of ORS 86A.151(b)(A).

35.

Additionally, or in the alternative, defendant has employed a device, scheme or artifice to defraud the plaintiff, or knowingly made untrue statements of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503/789-7372
Fax: 503/345-6655

under which they are made, not misleading, or engaged in an act, practice or course of business which operated as a fraud or deceit, in violation of ORS 86A.154(1)-(3).

36.

As a result of defendant's violations of the Oregon Mortgage Lender Law, Ms. Allen suffered an ascertainable loss.  Plaintiff seeks damages in an amount equal to her ascertainable loss described in paragraph 11, above, pursuant to ORS 86A.151(2), and attorney fees pursuant to ORS 86A.151(7).


FIFTH CLAIM FOR RELIEF--Equal Credit Opportunity Act (ECOA)

37.

Plaintiff hereby realleges and incorporate by reference paragraphs 1 through 36 above.

38.

Defendant is a creditor and the above-referenced mortgage loan application constituted an application for credit as defined by the ECOA, 15 U.S.C. § 1691a(b) and Regulation B, 12 C.F.R. § 202.2.

39.

Ms. Allen was an applicant for credit within the meaning of 15 U.S.C. § 1691a(b) and Regulation B, 12 C.F.R.  202.2(e).

40.

Ms. Allen is a member of protected classes under ECOA based on her race, sex and marital status.

///

///

Page 10 – COMPLAINT

41.

The defendant unlawfully discriminated against plaintiff on the basis of race, sex, and marital status in violation of 15 U.S.C. § 1691(a) and Regulation B, 12 C.F.R. § 202.4(a), as described above.

42.

Because of the above-referenced violations of the ECOA and Regulation B and in accordance with 15 U.S.C. § 1691e, defendant is liable to plaintiff for economic and non-economic damages described in paragraphs 11 and 12, above, punitive damages not to exceed $10,000.00, and costs and reasonable attorney fees.

PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays for:

1.  On her first claim for relief (Fair Housing Act):

A.  Economic damages of approximately $20,575.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Reasonable attorney fees and costs, pursuant to 42 U.S.C. § 3613(c)(2);

C. Punitive damages.

2.  On her second claim for relief (Oregon Unlawful Trade Practices Act):

A.  Actual damages of approximately $20,575.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Reasonable attorney fees pursuant to ORS 646.641(2);

C.  Punitive damages.

Page 11 – COMPLAINT

3. On her third claim for relief (Fraud):

A. Economic damages of approximately $20,575.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Punitive damages.

4. On her fourth claim for relief (Oregon Mortgage Broker and Banker Act):

A. Actual damages of approximately $20,575.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Attorney fees pursuant to ORS 86A.151(7).

5. On her fifth claim for relief (Equal Credit Opportunity Act):

A. Economic damages of approximately $20,575.00, and non-economic damages of approximately $50,000.00, in an exact amount to be proven at trial, together with prejudgment interest;

B. Punitive damages not to exceed $10,000.00;

C. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1691e(d).

JURY DEMAND:

Plaintiff hereby demands trial by jury.

Dated this 12th day of April, 2021.

/s/ Hope Del Carlo
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
Tel: 503/789-7372

Page 12 – COMPLAINT

Fax: 503/345-6655

Of Attorneys for Plaintiff

Page 13 – COMPLAINT