IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRACIE ALLEN**,

    Plaintiff,

v.

**LOANDEPOT.COM, LLC**,

    Defendant.

Case No. 3:21-cv-541-JR

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie Russo issued Findings and Recommendation in this case on August 8, 2021. Judge Russo recommended that this Court deny Defendant's Request for Judicial Notice; deny Defendant's Motion to Dismiss Plaintiff's claims under the Fair Housing Act (FHA), Equal Credit Opportunity Act (ECOA), Oregon's Unfair Trade Practices Act (UTPA), and Oregon Mortgage Lender Law (OMLL); and grant Defendant's Motion to Dismiss Plaintiff's fraud claim.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

For the portions of the Findings and Recommendation recommending denial of Defendant's Request for Judicial Notice and Motion to Dismiss Plaintiff's FHA and ECOA claims, there are no objections. The Court reviews those portions for clear error. Finding no such error, the Court adopts those portions of the Findings and Recommendation.

For the portions of the Findings and Recommendation recommending denial of Defendant's Motion to Dismiss Plaintiff's UTPA and OMLL claims, Defendant objects. For the portion of the Findings and Recommendation recommending dismissal of Plaintiff's fraud claim, Plaintiff objects. For the reasons explained below, after a *de novo* review, the Court adopts the Findings and Recommendation with respect to Plaintiff's fraud claim and declines to adopt the Findings and Recommendation with respect to Plaintiff's UTPA and OMLL claims.

**A. Fraud**

Plaintiff sues for fraud based on two of the loan officer's statements. First, Plaintiff alleges that Defendant told her "it was safe to incur inspection costs because she would be approved for a conventional loan." ECF 1, ¶ 27. Second, Plaintiff alleges that Defendant's loan officer assured her that he could secure financing in time for the NeighborhoodLIFT deadline. ECF 1, ¶¶ 8, 23, 27. Defendant argues that these statements are not actionable for fraud under Oregon law because the first is an opinion statement and the second is a statement of future promise. Plaintiff argues that two exceptions under Oregon law allow her to bring a claim for fraud based on both statements.

### 1. Defendant's Statement that It Was "Safe" to Incur Inspection Costs Because Her Application Would be Approved

The general rule under Oregon law is that a statement of opinion, even if false, is not actionable for fraud. *Jeska v. Mulhall*, 71 Or. App. 819, 821 (Or. App. 1985). An exception arises, however, when the plaintiff relied on the defendant's expertise in making his or her statement of opinion. *Gsell v. Adams*, 316 F. Supp. 394, 400 (D. Or. 1969) (applying Oregon law and stating that an opinion statement only constitutes fraud if it is a "reckless statement of an opinion by one with special knowledge"); *Frank v. Fitz Enters., Inc.*, 106 Or. App. 183, 186 (Or. App. 1991) ("Expressions of opinion are not misrepresentations of fact, unless the parties are on unequal footing and do not have equal knowledge or means of knowledge.").

Even if the plaintiff alleges reliance on the defendant's expertise, the plaintiff must also allege that the defendant made the statement of opinion with knowledge that it was false or with reckless disregard for its truth. *See Gsell*, 316 F. Supp. at 400 (applying Oregon law and stating, "[t]he statement of an opinion not actually held, or the reckless statement of an opinion by one with special knowledge, constitutes fraud"); *Lackey v. Ellingsen*, 248 Or. 11, 12 (1967)

(concluding that the defendants' statements of opinion were actionable because of the defendants' expertise and that the plaintiff made the required showing that the "defendants acted recklessly without knowing whether the statements were true or false"); *Holland v. Lentz*, 239 Or. 332, 340 (1964) ("An action of deceit will lie against one who makes a false representation of a material fact upon which another acts to his injury knowing it to be false, *or when he makes it recklessly as of his own knowledge, without knowing whether it is true* or not . . . ." (quoting *Cawston v. Sturgis*, 29 Or. 331, 335-36 (1896) (emphasis in original)). To adequately allege the defendant's knowledge of the statement's falsity or reckless disregard for its truth, the plaintiff must allege sufficient facts permitting the plausible inference of the defendant's intent. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014) ("[A]lthough the language of Rule 9 poses no barrier in itself to general pleading of fraudulent intent, *Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud."); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (confirming that the plausibility standard of *Iqbal* and *Twombly* applies to fraud claims).

      The loan officer's statement that it was "safe" to incur inspection costs is a statement of opinion. That statement is actionable for fraud because Plaintiff has alleged that she relied on the loan officer's expertise in giving her that opinion. *See* ECF 1, ¶ 29. Plaintiff has not, however, adequately alleged that the loan officer made the statement of opinion with knowledge of its falsity or reckless disregard as to its truth. *See Eclectic Props. E.*, 751 F.3d at 995 n.5; *Cafasso*, 637 F.3d at 1055. Plaintiff has alleged no facts permitting the plausible inference that the loan officer told Plaintiff it was "safe" to incur inspection costs with knowledge that the opinion was false or reckless disregard for its truth. Plaintiff argues that the Court can draw the

PAGE 4 – ORDER

inference of the loan officer's intent from her allegations that Plaintiff submitted the proper application materials and that the loan officer later denied her application. These allegations do not make plausible Plaintiff's conclusion that at the time the loan officer made the statement of opinion, he knew it was false or had reckless disregard for its truth. Thus, Plaintiff has failed to state a claim for fraud based on the loan officer's statement that it was safe to incur inspection costs.

### 2. Defendant's Statement that It Would Timely Approve Plaintiff's Application

Under Oregon law, "the failure to perform a promise relating to future action or conduct does not constitute fraud." *Butte Motor Co.*, 225 Or. at 321; *see also Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 91 (1977) (en banc) ("Plaintiffs do not contend that the normal price for such repairs was misrepresented. They complain only of the representation of the amount to be charged. But a statement that a particular sum will be charged is generally not a representation of fact but only a promise."). A promise may, however, lead to a claim for fraud when the promisor had no intention of keeping the promise or made the promise with reckless disregard for an intention of performing. *Jeska*, 71 Or. App. at 823 (stating that a promise made with "no present intention of keeping it, or with reckless disregard of any intention to keep it" may be actionable under a claim for fraud). To adequately allege that the defendant had no intention of keeping the promise or reckless disregard for an intention of performing, the plaintiff must allege facts permitting the plausible inference of the defendant's intent and must allege more than the defendant's later nonperformance. *Eclectic Props. E.*, 751 F.3d at 995 n.5; *Cafasso*, 637 F.3d at 1055; *Talk Radio Network Enters. v. Cumulus Media Inc.*, 271 F. Supp. 3d 1195, 1216-17 (D. Or. 2017) (applying Oregon law and concluding that the plaintiff failed to state a claim for fraud by relying "on the mere allegations of nonperformance[] and the conclusory statement that Defendants had no intention" of performing "without supplying any facts suggesting why this is

PAGE 5 – ORDER

so"); *see also Jones v. Northside Ford Truck Sales, Inc.*, 276 Or. 685, 691 (1976) ("[P]roof of the defendant's eventual failure to perform the agreement is not a sufficient basis for an inference that the defendant never intended to perform.").

The loan officer's statement that he could get Plaintiff financing before the NeighborhoodLIFT deadline is a promise to do something in the future. Plaintiff argues that the Court can draw the inference that the loan officer had no intention of performing his promise from Plaintiff's allegations that she submitted the appropriate materials for her application, that she told the loan officer about the deadline, that she relied on the officer's expertise, and that Defendant later denied her application. The fact that Plaintiff supplied the loan officer with the correct application materials, told him about the deadline, and relied on his expertise says nothing about the loan officer's intent at the time he made the promise, and Plaintiff may not rely solely on the loan officer's later nonperformance to show intent at the time he made the promise. *See Jones*, 276 Or. at 691. Plaintiff has alleged no facts showing or permitting the plausible inference that the loan officer had no intention of or reckless disregard for carrying out the promise. Plaintiff has therefore failed to state a fraud claim based on the loan officer's promise that he would timely secure financing.

**B. UTPA**

Plaintiff brings her UTPA claim based on the loan officer's statement that he could timely provide Plaintiff with financing. Defendant argues that Plaintiff has not adequately alleged willfulness as required for a private right of action under the UTPA. Defendant, however, did not raise this argument in its Motion to Dismiss. It is within this Court's discretion to decide whether to consider new arguments made in objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's

PAGE 6 – ORDER

requirement that a district court *must* consider new arguments raised in objections to a magistrate judge's findings and recommendation). The Court considers Defendant's argument on willfulness now raised in its objections and concludes that Plaintiff has failed adequately to allege willfulness.

The UTPA provides a private right of action for willful violations of the statute leading to a plaintiff's ascertainable loss. Or. Rev. Stat. § 646.638(1) ("[A] person that suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater."); *see Rathgeber v. James Hemenway, Inc.*, 335 Or. 404, 410-13 (2003) ("[A] private party who seeks to recover damages for a UTPA violation must plead and prove a 'willful' violation of the statute by the defendant."). The statute defines "willful violation" as occurring "when the person committing the violation knew or should have known that the conduct of the person was a violation." Or. Rev. Stat. § 646.605(10). To survive a motion to dismiss, a plaintiff's "UTPA factual allegations must suggest the defendant acted willfully at the time of the misrepresentation, perhaps by alleging misconduct so inconsistent with the defendant's original promise that the court could reasonably infer the defendant did not intend to comply with her promises at the time they were made." *McKie v. Sears Protec. Co.*, 2011 WL 1587103, at *2 (D. Or. Apr. 26, 2011). Thus, to state a claim under the UTPA, Plaintiff must allege facts showing that the loan officer knew or should have known that he would not be able timely to obtain Plaintiff's financing or close on her loan by the NeighborhoodLIFT deadline when he made his original promise.

PAGE 7 – ORDER

Plaintiff has failed plausibly to allege Defendant's willful violation of the UTPA. Plaintiff argues that her allegation that the loan officer "knowingly made the representations and omissions described in paragraph 27" establishes willfulness. *See* ECF 1, ¶ 28. This conclusory allegation, however, does not suffice. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). Plaintiff has alleged no facts supporting her conclusion that the loan officer knew or should have known that the statements were false or that he never intended to carry out his promise. *See Adamson v. WorldCom Commc'ns, Inc.*, 190 Or. App. 215, 223 (Or. App. 2003) ("[W]here willfulness is an element of a claim, a bare allegation that a defendant acted willfully is 'a mere conclusion of the pleader.'"); *see also Starr*, 652 F.3d at 1216. Plaintiff has therefore failed to state a claim under the UTPA. The Court grants Defendant's motion to dismiss that claim.

## C. OMLL

Plaintiff brings her OMLL claim based on the loan officer's statement that it was safe to incur inspection costs and that he could timely get her application approved. The OMLL provides:

> A person that employs a mortgage loan originator . . . is liable . . . for an ascertainable loss of money or property . . . in a residential mortgage transaction if the person engages in a residential mortgage transaction in which the person . . . [m]akes an untrue statement of material fact; or [o]mits from a statement of material fact that would make the statement not misleading in light of the circumstances.

Or. Rev. Stat. § 86A.151(1).

Defendant argues that the statements at issue are statements of a promise or opinion and therefore not "untrue statements of material fact" as the OMLL requires. Plaintiff responds the loan officer's failure to tell Plaintiff that he did not know whether her application would be approved was misleading "in light of the circumstances" and therefore violated the OMLL. Plaintiff, however, does not allege in her Complaint that the loan officer did not know whether her application would be approved. Further, Plaintiff has not alleged any facts permitting the plausible inference that the loan officer's statements were false at the time he made them. Plaintiff therefore has failed to state a claim under the OMLL.

The Court ADOPTS IN PART the Findings and Recommendation (ECF 18). The Court DENIES Defendant's Motion to Dismiss Plaintiff's FHA and ECOA claims (ECF 7); GRANTS Defendant's Motion to Dismiss Plaintiff's fraud, UTPA, and OMLL claims (ECF 7); and DENIES Defendant's Request for Judicial Notice (ECF 8). If Plaintiff believes she can cure the deficiencies identified in this Order, she may file an amended complaint within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

DATED this 6th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge